IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES VAN GILPIN,<br><br>    Petitioner,<br><br>vs.<br><br>CHARLES L. RYAN, et al.<br><br>    Respondents. | No. CV-10-0700-TUC-JGZ (BGM)<br><br>**REPORT AND RECOMMENDATION** |

On January 12, 2011, Petitioner James Van Gilpin, who is confined in the Arizona State Prison Complex-Eyman, filed his Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5). On June 17, 2011, Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus (Doc. 14). Petitioner did not file a Traverse. The Petition is ripe for adjudication.

Also pending before the Court are Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 34), Motion to Expand the Record Documents That are Relevant to the Merits of the Petition (Doc. 37), Motion to Enter Evidence Into the Record (Doc. 38), Motion to File Official Complaint Under 18 U.S.C. § 241 (1994), and 18 U.S.C. § 242, and Title XXI 42 U.S.C. § 14141, Law Enforcement Misconduct and Prosecutorial Misconduct Included 18 U.S.C. § 1593 (Doc. 39), Motion for Status on Request for Special Action: Preliminary Injunction and Motion for Temporary Restraining Order Document Number: 34 (Doc. 40), Motion for Status on Writ of Habeas Petition (Doc. 41), Motion for

Status On: Official Complaint Under U.S.C. 18:241 and 18:242 and Title XXI U.S.C. 42:14141 (Doc. 42).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition. The Magistrate Judge further recommends that the District Court deny all pending motions.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 10, 1985, a grand jury indicted Petitioner James Van Gilpin ("Gilpin"), charging him with two counts of Sexual Conduct With a Minor Under Fifteen. Respts.' Exh. "A," Indictment (Doc. 14-1). On December 18, 1985, following a jury trial, the jury found Gilpin guilty of both counts. Respts.' Exh. "B," Verdict (Doc. 14-1). Gilpin was sentenced to mitigated, consecutive prison terms of fifteen (15) years for each count. Respts.' Exh. "C," Sentence of Imprisonment (Doc. 14-1).

On January 23, 1986, Gilpin filed his Notice of Appeal with the Arizona Court of Appeals. Respts.' Exh. "D," Not. of Appeal (Doc. 14-1). Division Two of the Arizona Court of Appeals affirmed the trial court judgment and sentence. Respts.' Exh. "G," Mem. Decision (Doc. 14-1) at 4-5.[1] Gilpin moved the appellate court for reconsideration, and was summarily denied. Respts.' Exhs. "H" and "J" (Doc. 14-1). On February 20, 1987, Gilpin petitioned the Arizona Supreme Court for review. Respts.' Exh. "K," Pet. for Review (Doc. 14-1). On May 13, 1987, Gilpin's petition was summarily denied. Respts.' Exh. "M" (Doc. 14-1). As such, Division Two of the Arizona Court of Appeals issued its Mandate on May 28, 1987. Respts.' Exh. "N," Mandate (Doc. 14-1).

. . .

. . .

---

[1] Only the odd pages of the Arizona Court of Appeals's Memorandum Decision were included in the exhibit. This Court has relied on the actual number of pages in the exhibit, rather than the numbers imprinted on the bottom of the page in its citation.

### *A.     Post-Conviction Relief Proceeding*

On July 15, 1987, the trial court construed two letters that it had received from Gilpin as Rule 32 Post-Conviction Relief ("PCR") petitions. Respts.' Exh. "O," Minute Entry 7/15/1987 (Doc. 14-1). Gilpin subsequently filed a formal PCR petition on October 27, 1987. Respts.' Exh. "P" (Doc. 14-1). Gilpin sought a new trial based upon the alleged ineffective assistance of both his trial and appellate counsel. *Id.*

The trial court held a Rule 32 Hearing over two days. Respts.' Exh. "S," Hr'g Tr. 1/25/1988 & 2/1/1988 (Doc. 14-2). Gilpin, his trial counsel, and his appellate counsel all testified at the hearing. *Id.* On February 12, 1988, the trial court concluded that based upon the testimony and evidence presented, Gilpin had been "represented by a competent lawyer at every critical stage of the proceeding." Respts.' Exh. "T," Minute Entry 2/18/1988 (Doc. 14-3) at 1. On February 19, 1988, Gilpin filed his Motion for Rehearing. Respts.' Exh. "U" (Doc. 14-3). The trial court summarily denied this motion. Respts.' Exh. "V," Minute Entry 3/3/1988 (Doc. 14-3).

On March 11, 1988, Gilpin petitioned the court of appeals for review. Respts.' Exh. "W," Pet. for Review of Post-Conviction Relief Order (Doc. 14-3). On July 8, 1988, Division Two of the Arizona Court of Appeals denied Gilpin's request. Respts.' Exh. "X" (Doc. 14-3). On July 25, 1988, Gilpin petitioned the Arizona Supreme Court for review. Respts.' Exh. "Y," Pet. for Review by the Supreme Court (Doc. 14-3). On November 16, 1988, Gilpin's petition was summarily denied. Respts.' Exh. "Z" (Doc. 14-3). Accordingly, Division Two of the Arizona Court of Appeals issued its mandate on November 21, 1988. Respts.' Exh. "AA" (Doc. 14-3).

### *B.     The Instant Habeas Proceeding*

On October 1, 2010, Gilpin filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Subsequently, he filed an Amended Petition (Doc. 5) on January 12, 2011. Petitioner asserts six grounds for relief:

(1)     Petitioner's trial counsel was ineffective;

(2)     Petitioner's due process rights were violated during trial;

|   |   |   |
|---|---|---|
| 1 | (3) | Petitioner was denied his right to a fair trial in violation of the Fifth and Fourteenth Amendments; |
| 3 | (4) | Petitioner was convicted based upon insufficient evidence; |
| 4 | (5) | The trial court wrongfully allowed the introduction of evidence obtained pursuant to an unlawful arrest; and |
| 6 | (6) | Petitioner's constitutional rights were violated by the State's use of perjured testimony. |

Amended Petition (Doc. 5) at 6-11. On June 7 2011, Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 14) pursuant to the Court's February 3, 2011 Order (Doc. 6). As such, Respondents' Answer is limited to affirmative defenses. *See* Answer (Doc. 14). Petitioner did not file a Reply; however, he was granted leave to "expand the record" with several exhibits. *See* Order 1/10/2012 (Doc. 17); Order 5/30/2012 (Doc. 27).

## II.     STANDARD OF REVIEW

The federal courts shall "entertain an application for a write of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Schriro v. Landrigan*, 550 U.S. 465, 473-74, 127 S.Ct. 1933, 1939, 167 L.Ed.2d 836 (2007). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality,

and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945 , 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S.322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, dictates the standards for federal habeas review. *See* 28 U.S.C. § 2254. "The Act limits the ability of federal courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*, 114 F.3d 1484 (9th Cir. 1997). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Landrigen*, 550 U.S. at 473-74, 127 S.Ct. at 1940 (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473-74, 127 S.Ct. at 1939. Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it arrives at a different result. *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *See also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004).

## III.  STATUTE OF LIMITATIONS

### *A.  Timeliness*

As a threshold matter, the Court must consider whether Gilpin's petition is barred by the statute of limitations. *See White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- 5 -

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The other subsections being inapplicable, Gilpin must have filed his habeas petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This period includes the ninety (90) day period within which a petitioner could file a petition for a writ of certiorari from the United States Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *See also Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001) (a judgment becomes final either at the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review). Accordingly, Gilpin's judgment became final ninety (90) days after the Arizona Supreme Court denied review on May 13, 1987. *See* Respts.' Exh. "M" (Doc. 14-1).

Gilpin's judgment thus became final prior to enactment of the AEDPA. In such a situation, "the federal limitations period [begins] running on AEDPA's effective date, April 24, 1996, giving [Gilpin] one year from that date (in the absence of tolling to file a federal habeas petition." *Carey v. Saffold*, 536 U.S. 214, 217, 122 S.Ct. 2134, 2137, 153 L.Ed.2d 260 (2002). Therefore, Gilpin's one-year limitation period expired, absent tolling, on April 24, 1997. *See Allen v. Siebert*, 552 U.S. 3, 4, 128 S.Ct. 2, 3, 169 L.Ed.2d 329 (2007); *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Gilpin did not file his petition until October 1, 2010. As such, it was filed well beyond the statute of limitations as dictated by the AEDPA.

. . .

### B. *Statutory Tolling of the Limitations Period*

The limitations period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Allen*, 552 U.S. at 4, 128 S.Ct. at 3. An application for State post-conviction relief is "'properly filed' when its deliver and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000). In Arizona, "[p]rior to 1992, a defendant could file a notice of post-conviction relief 'at any time after entry of judgment and sentence.' Ariz. R. Crim. P. 32.4(a) (amended 1992)."[2] *State v. Jones*, 182 Ariz. 432, 433, 897 P.2d 734, 735 (Ct. App. 1995).

On July 15, 1987, the trial court construed two letters that it had received from Gilpin as Rule 32 Post-Conviction Relief ("PCR") petitions. Respts.' Exh. "O," Minute Entry 7/15/1987 (Doc. 14-1). After hearing and review by the trial court, on July 25, 1988, Gilpin ultimately petitioned the Arizona Supreme Court for review. Respts.' Exh. "Y," Pet. for Review by the Supreme Court (Doc. 14-3). On November 16, 1988, Gilpin's petition was summarily denied. Respts.' Exh. "Z" (Doc. 14-3). Accordingly, Division Two of the Arizona Court of Appeals issued its mandate on November 21, 1988. Respts.' Exh. "AA" (Doc. 14-3). All of these events occurred prior to the April 24, 1997 expiration of Gilpin's statute of limitations pursuant to the AEDPA. As such, Gilpin is not entitled to statutory tolling.

### C. *Equitable Tolling of the Limitations Period*

The Supreme Court of the United states has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, – U.S. – , 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). The Ninth Circuit Court of Appeals "will permit equitable tolling of

---

[2] The rule now provides that, "[i]n a Rule 32 of-right proceeding, the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding." Ariz. R. Crim. P. 32.4(a).

1  AEDPA's limitations period 'only if extraordinary circumstances beyond a prisoner's control
2  make it impossible to file a petition on time.'" *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.
3  1999) (*quoting Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.
4  1998) (en banc), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999)
5  (citations omitted)).  Moreover, Gilpin "bears the burden of establishing two elements: (1)
6  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
7  stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161
8  L.Ed.2d 669 (2005); *See also Holland*, 130 S.Ct. at 2562 (quoting *Pace*).

9        Here, Gilpin has failed to meet his burden.  The record before this Court is devoid of
10 any evidence to demonstrate that Gilpin is entitled to equitable tolling.  Accordingly, Gilpin's
11 habeas petition is untimely.

12

13 **IV.    PENDING MOTIONS**

14       ***A.    Preliminary Injunction***

15       Gilpin seeks an Order from this Court directing "the Department of Corrections to
16 place Petitioner back at SMU[.]" Pet.'s Mot. Plead for Prelim. Inj. and TRO (Doc. 34) at 1.
17 Gilpin further alleges that "[t]he Department of Corrections [in violation of the Eighth
18 Amendment] keeps punishing Petition with disciplinary and leveling sanctions against
19 Petitioner for refusing to put himself in harms way."  *Id.* at 2.

20       Whether to grant or deny a motion for a temporary restraining order is within the
21 Court's discretion.  *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir.
22 1979).  "The standard for issuing a temporary restraining order is identical to the standard
23 for issuing a preliminary injunction."  *Whitman v. Hawaiian Tug & Barge Corp./Young*
24 *Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998).  To obtain a
25 preliminary injunction, the moving party must show "that he is likely to succeed on the
26 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
27 the balance of equities tips in his favor, and that an injunction is in the public interest."
28 *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172

- 8 -

L.Ed.2d 249 (2008) (citations omitted). The moving party has the burden of proof on each element of the test. *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

As an initial matter, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise . . . even if 'life in one prison is much more disagreeable than in another.'" *McKune v. Lile*, 536 U.S. 24, 39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002) (citations omitted). Moreover, the Supreme Court of the United States has recognized:

> Section 1983 authorizes a "suit in equity or other proper proceeding for redress," against any person who, under color of state law, "subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution."
>
> * * *
>
> [C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the core of habeas corpus] and may be brought pursuant to § 1983 in the first instance.

*Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. . . . A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" (citations omitted)).

Gilpin's motion is improper for a habeas proceeding. Furthermore, he has not met his burden to demonstrate that a TRO or preliminary injunction is proper. As such, the Magistrate Judge recommends denial of Gilpin's motion.

### B.     *Expansion of Record*

The Court has reviewed Petitioner's Motion to Expand the Record Documents That are Relevant to the Merits of the Petition (Doc. 37) and Motion to Enter Evidence Into the Record (Doc. 38). At least one of the letters written to the trial court judge is already in the record, and the other documents do not address the timeliness issue. As such, the Magistrate Judge recommends that these motions be denied as moot.

### C.  *Motion to File Official Complaint*

Gilpin seeks leave "to file exhibit [J]."[3] Pet.'s Mot. to File Official Compl. (Doc. 39) (alteration in original). A review of Gilpin's pleading indicates that he seeks leave to file a cause of action pursuant to 18 U.S.C. § 1593, 18 U.S.C. §§ 241-242, and 18 U.S.C. § 14141. These are criminal statutes, however, and "[s]uch sections in no respect provide affirmative relief of the nature requested[.]" *Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968) (state prisoner seeking a 28 U.S.C. § 2255 vacation of sentence is not entitled to relief pursuant 18 U.S.C. §§ 241, 242); *See also Cok v. Consentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution. . . . Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242[.]" *Id.* (citations omitted)). Accordingly, the Magistrate Judge recommends denial of Gilpin's motion.

### D.  *Status*

In light of the foregoing, all of Gilpin's pending motions, as well as his Petition have been addressed. Accordingly, the Magistrate Judge recommends denial of his Motion for Status on Request for Special Action: Preliminary Injunction and Motion for Temporary Restraining Order Document Number: 34 (Doc. 40), Motion for Status on Writ of Habeas Petition (Doc. 41), Motion for Status On: Official Complaint Under U.S.C. 18:241 and 18:242 and Title XXI U.S.C. 42:14141 (Doc. 42) as moot.

## III.  RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) DENYING the Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5);

---

[3]The Court notes that Gilpin did not attach an "Exhibit J" to his motion.

- 10 -

(2)     DENYING Petitioner's Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 34);

(3)     DENYING AS MOOT Petitioner's Motion to Expand the Record Documents That are Relevant to the Merits of the Petition (Doc. 37) and Motion to Enter Evidence Into the Record (Doc. 38);

(4)     DENYING Petitioner's Motion to File Official Complaint Under 18 U.S.C. § 241 (1994), and 18 U.S.C. § 242, and Title XXI 42 U.S.C. § 14141, Law Enforcement Misconduct and Prosecutorial Misconduct Included 18 U.S.C. § 1593 (Doc. 39); and

(5)     DENYING AS MOOT Petitioner's Motion for Status on Request for Special Action: Preliminary Injunction and Motion for Temporary Restraining Order Document Number: 34 (Doc. 40), Motion for Status on Writ of Habeas Petition (Doc. 41), and Motion for Status On: Official Complaint Under U.S.C. 18:241 and 18:242 and Title XXI U.S.C. 42:14141 (Doc. 42).

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV-10-0700-TUC-JGZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 will result in waiver of the right of review.

DATED this 21st day of December, 2012.

_____
Bruce G. Macdonald
United States Magistrate Judge